IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRIANA RAE HARRIS,** on behalf of herself and all persons similarly situated, | : |
| **Plaintiff,** | : |
| v. | : Civil Action No.: |
| **REBELZ CLUB, LLC,** d/b/a Rebelz Gentlemen's Club; | : |
| **HEATHER VARANDO;** and | : |
| **PABLO VARANDO** | : |
| **Defendants.** | : |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Briana Rae Harris ("Harris"), by and through her undersigned counsel, on behalf of herself and all persons similarly situated,[1] hereby files this Class and Collective Action Complaint against Defendant Rebelz Club, LLC, d/b/a Rebelz Gentlemen's Club ("Rebelz"), Defendant Heather Varando ("Heather") and Defendant Pablo Varando ("Pablo") (collectively "Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.* ("WPCL"), and the common law.

### Introductory Statement

Plaintiff Harris, on behalf of herself and other similarly situated exotic dancers employed by Rebelz ("Dancers") brings claims in this action against Defendants for unpaid wages, tips and illegal deductions from their pay. Although Defendants apparently classified Dancers as

---

[1] All allegations herein with respect to Plaintiff Harris are made based upon her own personal knowledge and allegations with respect to others are made upon information and belief.

1

independent contractors in an effort to avoid the guarantees of basic federal and state labor laws, Dancers were and are employees in the eyes of the law, and therefore entitled to these protections anyway. As detailed herein and as a matter of economic reality, Dancers were dependent upon Defendant for their pay.

Rebelz customers pay "Dance Fees" to the club for the Dancers' private dances. For example, an eight-minute private dance is associated with a Dance Fee of $20 and a 12-minute private dance has a Dance Fee of $30. The Dance Fees are set by Defendants without any ability of the Dancer to negotiate. Rebelz pays only half of the Dance Fee to the Dancer (less further deductions described herein). Furthermore, Defendants require that any additional cash tips paid from a customer to a Dancer during a private dance be held by Defendants until the end of a shift. At the end of each night, the Dancer's half of Dance Fees and their tips are combined and then further reduced by nightly "House Fees," "Expenses" and other mandatory "tip-outs" (which in total can easily exceed $150 in a single night). These mandatory deductions of wages and tips are illegally diverted to the benefit of Defendants for the purpose of subsidizing their labor costs for other employees (e.g. security staff and DJs). Defendants' practice of tip deductions is a violation of the FLSA, 29 U.S.C. § 203(m), and of wage deductions is a violation of the WPCL. Accordingly, Plaintiff seeks the following monetary relief on a class and collective action basis.

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Claims arising under state law are proper under 28 U.S.C. § 1367 because they share a common nucleus of operative facts with federal questions raised in this action.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. The events giving

rise to Plaintiff's claims occurred within this District, Defendant conducts business in this District, and Defendant is headquartered in this District.

## PARTIES

3. Plaintiff Briana Rae Harris ("Harris") is an individual currently residing in Burnham, Pennsylvania. She was employed as a Dancer by Defendant at its establishment in Moshannon, Pennsylvania from approximately March 2021 through September 2021, and, pursuant to 29 U.S.C. § 216(b) has consented in writing to being a Plaintiff in this action. Ex. A.

4. Defendant Rebelz Club, LLC, d/b/a Rebelz Gentlemen's Club ("Rebelz") is a Pennsylvania limited liability company operating at 601 Spruce Road, Moshannon, Pennsylvania 16859.

5. Defendant Heather Varando ("Heather") is an adult individual who resides at 143 Curve Street, Philipsburg, Pennsylvania, 16866. Heather is an owner and/or managing agent of Rebelz.

6. Defendant Pablo Varando ("Pablo") is an adult individual who resides at 6704 Hill Top Road, Orlando, Florida, 32810-4248. Pablo is an owner and/or managing agent of Rebelz.

7. Defendants employ individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

8. Defendants' annual gross volume of business exceeds $500,000.

9. Defendants comprise an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

## CLASS DEFINITIONS

10. Plaintiff Harris brings Count I of this lawsuit pursuant to the FLSA, 29 U.S.C. § 216(b) as a collective action on behalf of herself and the following class of potential opt-in litigants:

> All current or former dancers employed by Rebelz Club, LLC, d/b/a Rebelz Gentlemen's Club in the United States during the last three years (the "FLSA Class" or "Dancers").

11. Plaintiff Harris brings Counts II and III of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and the following class:[2]

> All current or former dancers employed by Rebelz Club, LLC, d/b/a Rebelz Gentlemen's Club in Pennsylvania during the last three years (the "Pennsylvania Class" or "Dancers").

12. The FLSA Class and the Pennsylvania Class are together referred to as the "Classes."

13. Plaintiff Harris reserves the right to redefine the Classes and to assert claims on behalf of other classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

14. Rebelz operates an exotic dance club at 601 Spruce Rd, Moshannon, Pennsylvania.

15. From approximately March 2021 through September 2021, Rebelz employed Plaintiff Harris at the club in Moshannon.

16. At any given time, Rebelz employed approximately 14 Dancers. Upon information and belief, within the past three years (factoring turnover), Rebelz employed in excess of 60 Dancers.

---

[2] The statute of limitations (and therefore the Class Period) for the PMWA and conversion are different: PMWA (3 years) and conversion (2 years).

17. Plaintiff Harris typically worked for Rebelz two days per week, approximately 10-12 hours each working day, or approximately 20-24 hours per week.

## Employer Status

18. Federal courts weigh several non-exclusive factors in order to determine whether, as a matter of "economic reality," an employment relationship exists. For example, in *Donovan v. DialAmerica Mktg., Inc.*, 757 F.2d 1376, 1382 (3d Cir. 1985), the Court of Appeals for the Third Circuit considered the following factors:

> 1) the degree of the alleged employer's right to control the manner in which the work is to be performed;
> 2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;
> 3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers;
> 4) whether the service rendered requires a special skill;
> 5) the degree of permanence of the working relationship;
> 6) whether the service rendered is an integral part of the alleged employer's business.

19. Although Dancers were in reality employees of Defendant, as detailed herein, Defendant uniformly classified Dancers as independent contractors, thus illegally diverting their wages and tips to Defendant's benefit, in violation of the FLSA and Pennsylvania law.

20. Defendant controlled the work schedule of Dancers by requiring them to arrive at the club on its days of operation (Fridays and Saturdays) by 8:30 pm and to be ready to dance by 9:00 p.m. While a shift was officially 9:00 p.m. to 5:00 a.m., Defendant typically did not allow Dancers to leave the club until at least 6:00 a.m., to allow time for Defendant to count and reconcile the customer payments, tips and deductions, before ultimately paying the Dancer for the night. Defendant did not allow Dancers the freedom to take breaks other than to use the restroom or change outfits, and did not allow Dancers to talk on the phone.

21. If a Dancer did not want to work on a given night, they needed to request

permission to have off from the "House Mom," Heather Varando.

22.     Defendant controlled access to the customer base and set Dancers' compensation, including tips.  Specifically, Defendant set customer "Dance Fees," for example at $20 for a 4-minute dance, or $80 for a 16-minute dance.  Defendant unilaterally set Dancers' pay at 50% of Dance Fees earned by each Dancer each night, minus deductions also set by Defendant.

23.     Defendant illegally deducted from Dancers' tips and wages mandatory "House Fees," (typically a 15% charge from tips for the privilege of working any night), "Expenses" (including to pay for Defendants' advertising expenses), "Tip-Outs" to subsidize Defendants' labor costs for other employees such as security staff or DJs, and Late Fees.  If a Dancer did not dance at least 80 paid minutes for customers, Defendant charged Dancers another fee out of their wages and tips.  If a Dancer made more than $300 in a night, yet another fee was deducted from wages and tips.

24.     At times, the amount of any of these fees would change on a particular night, at the sole discretion of Rebelz management.

25.     Dancers enjoyed no opportunity for profit or loss based on managerial skill. Dancers' work did not involve managerial skill.  Furthermore, Dancers performed dances for set periods of time, for customer compensation set by Defendant, and retained far less than 50% of their customer compensation after the deductions described herein were applied.

26.     Dancers provided no significant investment in equipment or materials required for their work.  Defendant, not Dancers supplied the venue, security, other employee staffing, the stage and a sound system.  Dancers did not employ helpers or any other employee.

27.     The work of Dancers did not require special skill.  Rather, their work was routine exotic dance work.

28.     The working relationship between Defendant and Dancers was in a nature of a permanent relationship.  Two weekend days per week, week after week, Dancers were regularly employed by Defendant. While employed by Rebelz, Defendant prohibited Dancers from working at other exotic dance clubs.

29.     The work of Dancers is exotic dance work.  The very business of Defendant is providing exotic dance entertainment to their customer.  Thus, the work of Dancers is integral to Defendants' business.

### Individual Liability – Heather Varando

30.     At all relevant times, Heather was a principal of, and owned an interest in, Rebelz.

31.     Heather directed the work of Plaintiff and Dancers at Rebelz.

32.     Heather had the power to, and did, hire, fire and discipline Dancers.

33.     As described herein, Heather exercised supervisory authority over Plaintiff and Dancers.

34.     Furthermore, Heather also exercised discretionary control over payroll decisions with respect to Plaintiff and Dancers.  Thus, Heather also was an employer within the meaning of the FLSA and the PMWA.  *See Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408 (3d Cir. 2012); *Schneider v. IT Factor Prods.*, No. CIV.A. 13-5970, 2013 WL 6476555 (E.D. Pa. Dec. 10, 2013).

### Individual Liability – Pablo Varando

35.     At all relevant times, Pablo was a principal of, and owned an interest in, Rebelz.

36.     Pablo directed the work of Plaintiff and Dancers at Rebelz.

37.     Pablo had the power to, and did, hire, fire and discipline Dancers.

38.     As described herein, Pablo exercised supervisory authority over Plaintiff and

Dancers.

39. Furthermore, Pablo also exercised discretionary control over payroll decisions with respect to Plaintiff and Dancers. Thus, Pablo also was an employer within the meaning of the FLSA and the PMWA. *Haybarger, Schneider, supra.*

### Wilfullness

40. Customer-provided tips was at all times the property of Plaintiff Harris and the FLSA Class, and not the property of Defendant. *See* 29 U.S.C. § 203(m)(2)(B) ("An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."); 29 C.F.R. § 531.52 ("Tips are the property of the employee whether or not the employer has taken a tip credit under Section 3(m) of the FLSA").

41. On multiple occasions, Dancers complained to Heather Varando that they had been shorted tips and suffered from illegal deductions from their tips. In response, Heather either ignored the complaints or took disciplinary action against Dancers who raised these complaints, by reducing their work shifts or firing them.

42. Defendant does not maintain accurate records of the actual hours that Plaintiff Harris and FLSA Class Members worked each workday and the total hours worked each workweek as required by the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5(a), 516.6(a)(1).

43. Defendant knew or should have known that Plaintiff Harris and Class Members were not exempt from the FLSA's minimum wage requirements.

44. Defendant has access to knowledgeable human resource specialists and competent labor and employment counsel.

45. Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions by converting the wages and tips of Plaintiff Harris and the Classes, in violation of 29 U.S.C. § 203 and the WPCL.

## COLLECTIVE ACTION ALLEGATIONS

46. Plaintiff Harris brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class defined above.

47. Plaintiff Harris desires to pursue her FLSA claims on behalf of herself and any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

48. Plaintiff Harris and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked as Dancers pursuant to Defendant's previously described common pay practices and, as a result of those practices, their tips were converted to Defendants' benefit in violation of 29 U.S.C. § 203(m)(2)(B). Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping, and payroll practices.

49. Specifically, Defendant violated 29 U.S.C. § 203(m)(2)(B) by deducting from the tips of Plaintiff Harris and the FLSA Class, various fees such as House Fees, Expenses, and mandatory tip-outs to subsidize Defendant's labor costs with respect to its other employees (e.g., security staff and DJ).

50. The similarly situated employees are known to Defendant, are readily identifiable, and may be located through Defendant's business and human resource records.

51. Defendant employs many FLSA Class Members. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of

collectively adjudicating their claims for illegally converted tips, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

52. Plaintiff Harris also brings this action as a class action pursuant to FED. R. CIV. P. 23 on behalf of herself and the Pennsylvania Class defined above.

53. The members of the Pennsylvania Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are well in excess of sixty (60) members of the Pennsylvania Class.

54. Plaintiff Harris will fairly and adequately represent and protect the interests of the Pennsylvania Class because there is no conflict between the claims of Plaintiff Harris and those of the Pennsylvania Class, and Plaintiff Harris' claims are typical of the claims of the Pennsylvania Class. Plaintiff Harris' counsel are competent and experienced in litigating wage and hour and other complex labor matters, including class and collective actions like this one.

55. There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Defendants have violated and continue to violate the WPCL, by unlawfully converting or diverting wages and tips belonging to Dancers. *Verma v. 3001 Castor, Inc.*, 2016 U.S. Dist. LEXIS 164026, *17 (E.D. Pa. November 29, 2016).

56. Plaintiff Harris' claims are typical of the claims of the Pennsylvania Class in the following ways, without limitation: (a) Plaintiff Harris is a member of the Pennsylvania Class; (b) Plaintiff Harris' claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Pennsylvania Class; (c) Plaintiff Harris' claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar

factual circumstances; (d) there are no conflicts between the interests of Plaintiff Harris and the Pennsylvania Class Members; and (e) the injuries suffered by Plaintiff Harris are similar to the injuries suffered by the Pennsylvania Class members.

57. Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only individual Class members.

58. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Pennsylvania Class is readily identifiable from Defendants' own employment records. Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications with respect to individual Pennsylvania Class members that would establish incompatible standards of conduct for Defendants.

59. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Furthermore, the amounts at stake for many of the Pennsylvania Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendants.

60. Without a class action, Defendants will retain the benefit of their wrongdoing, which will result in further damages to Plaintiff Harris and the Pennsylvania Class. Plaintiff

11

Harris envisions no difficulty in the management of this action as a class action.

## COUNT I
### Violations of the Fair Labor Standards Act
### (On Behalf of the FLSA Class)

61. All previous paragraphs are incorporated as though fully set forth herein.

62. The FLSA mandates that an employer not convert any of its employees' tips. *See* 29 U.S.C. § 203(m)(2)(B) ("An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."); 29 C.F.R. § 531.52 ("Tips are the property of the employee whether or not the employer has taken a tip credit under Section 3(m) of the FLSA").

63. Defendants are subject to the wage requirements of the FLSA because each is an "employer" under 29 U.S.C. § 203(d) and is engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

64. During all relevant times, Plaintiff Harris and the FLSA Class were covered employees of Defendants, and as such were entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

65. Plaintiff Harris and the FLSA Class are not exempt from the requirements of the FLSA.

66. Defendants' tip deduction scheme applicable to Plaintiff Harris and the FLSA Class failed to comply with 29 U.S.C. § 203(m).

67. Defendants knowingly deducted amounts from Plaintiff's and the FLSA Class' tips (which is the employee's property), in violation of 29 U.S.C. § 203(m).

68. Defendants also failed to make, keep, and preserve records with respect to

Plaintiff Harris and the FLSA Class sufficient to determine their wages, hours, tips and other conditions of employment in violation of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5(a), 516.6(a)(1).

69. In violating the FLSA, Defendants, individually and collectively, acted willfully and with reckless disregard of clearly applicable FLSA provisions.

70. Pursuant to 29 U.S.C. § 216(b), employers such as Defendants, who intentionally and illegally convert employee tips, shall be liable to the employee for unpaid wages, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

## COUNT II
### Violation of the Pennsylvania Wage Payment and Collection Law
### (On Behalf of the FLSA Class and the Pennsylvania Class)

71. All previous paragraphs are incorporated as though fully set forth herein.

72. The Pennsylvania Wage Payment and Collection Law ("WPCL") provides that an employer is obligated to pay all wages due to its employees, without any unauthorized or unlawful deductions. *See* 43 P.S. § 260.3.

73. The 50% of Dance Fees allocated to Dancers, as well as customer tips are "wages" under the WPCL. 43 P.S. § 260.1.

74. At all relevant times as alleged herein, Plaintiff and Class Members were employed by Defendants within the meaning of the WPCL.

75. By illegally deducting and converting Dancers' tips and half of Dance Fees to their own benefit, as well as mandating the other deductions described in this action, Defendants intentionally failed to pay the wages, due for all work performed as set forth in the preceding paragraphs of this Complaint, in violation of PA. CODE, 43 P.S. § 260.3.

76. Defendants were not permitted by state or federal law, or by an order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiffs' wages that concern this lawsuit.

77. Defendants did not have written authorization from Plaintiff or Class Members to withhold, divert or deduct any portion of their wages that concern this lawsuit.

78. Pursuant to 43 P.S. §§ 260.9 and 260.10, employers such as Defendants, who intentionally fail to pay an employee wages in conformance with the WPCL shall be liable to the employee for the wages or expenses that were intentionally not paid, liquidated damages, court costs and attorney's fees incurred in recovering the unpaid wages.

79. Due to Defendants' violation of the WPCL, Plaintiff and the Pennsylvania Class are entitled to all unpaid wage and tips for each hour worked, liquidated damages, plus attorney's fees and costs.

## COUNT III
### Conversion
### (On Behalf of the FLSA Class and the Pennsylvania Class)

80. All previous paragraphs are incorporated as though fully set forth herein.

81. Defendants illegally deprived Dancers of their tips, which was Dancers' property pursuant to the FLSA, the PMWA, the WPCL and common law.

82. Defendants did not have Dancers' consent to convert their tips to Defendants' use.

83. Defendants did not have legal justification to convert Dancers' tips to its use.

84. Due to Defendants' illegal conversion, Plaintiff and the Pennsylvania Class are entitled to all unpaid tips plus consequential, compensatory and punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Harris seeks the following relief on behalf of herself and all others similarly situated:

a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class members;

c. An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the Pennsylvania Class;

d. Tips and wages converted to Defendant's benefit, and prejudgment interest to the fullest extent permitted under the law;

e. Liquidated damages and penalties to the fullest extent permitted under the law;

f. Consequential, compensatory and punitive damages, to the fullest extent permitted under the law;

g. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

h. Such other and further relief as this Court deems just and proper.

Dated: January 20, 2022

Respectfully Submitted,

GOODLEY MCCARTHY LLC

by:   /s/ James E. Goodley
James E. Goodley (PA 315331)
*Ryan P. McCarthy (PA 323125)
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 394-0541
james@gmlaborlaw.com
ryan@gmlaborlaw.com

*Attorney for Plaintiff and the Classes*

*\* Petition for Admission to be Filed*