## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRIANA RAE HARRIS, on behalf of herself and all persons similarly situated,** | : <br> : <br> : <br> : |
| | : **Civil Action No.: 4:22-111-MWB** |
| **Plaintiff,** | : |
| **v.** | : <br> : <br> : |
| **REBELZ CLUB, LLC,** *et al.*, | : <br> : |
| **Defendants.** | : |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S <u>MOTION FOR CONDITIONAL CERTIFICATION</u>

Dated: February 16, 2022

James E. Goodley (PA 315331)
Ryan P. McCarthy (PA 323125)
GOODLEY MCCARTHY LLC
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 394-0541
ryan@gmlaborlaw.com
james@gmlaborlaw.com

*Attorney for Plaintiff and the Classes*

# TABLE OF CONTENTS

INTRODUCTION .......................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ................................................ 2

    **A.**   **Procedural History** ....................................................................................... 2

    **B.**   **The Parties** ..................................................................................................... 4

    **C.**   **Plaintiff Challenges a Common Illegal Pay Practice** ............................... 4

    **D.**   **Declaration Testimony Confirms that All Dancers Were Subjected to a Common Plan in Which Defendants Illegally Diverted Dancers' Tips** ........................................ 6

ARGUMENT .............................................................................................................. 7

    **I.**   **Standard for Conditional Collective Action Certification** ...................... 7

    **A.**   **General Requirements** .................................................................................. 7

    **B.**   **This Court Applies a Two-Step Certification Process** ............................. 9

    **C.**   **Defendants' Uniform Practice of Converting Dancers' Tips to Defendants' Benefit Establishes a Common Policy Applicable to All Dancers; Merits Issues Should Not Be Considered Now** ......................................... 12

    **II.**  **The Court Should Provisionally Certify This Case as a Collective Action and Issue Notice to all FLSA Class Members Who Worked Within the Past Three Years** ......... 17

    **III.** **Notice Should Issue Promptly** .................................................................. 18

    **IV.** **Notice Should Issue Over First Class Mail, Text Message and Email and Posting at the Each of Defendants' Facilities; the Notice Period Should Be 90 Days, With a 45 Day Reminder Notice** ....................................................... 19

    **CONCLUSION** ............................................................................................. 22

## **TABLE OF AUTHORITIES**

Statutes and Regulations

29 U.S.C. § 203 .................................................................................................. 6, 18

29 U.S.C. § 216 ................................................................................... 6, 4, 7-9, 12, 13

29 U.S.C. § 256 .......................................................................................................... 9

Case Law

*Acosta v. Osaka Japan Rest., Inc.,* No. 17-1018

    2018 U.S. Dist. LEXIS 115960 (E.D. Pa. July 12, 2018) .................................... 18

*Alonso v. Uncle Jack's Steakhouse, Inc.,*

    648 F. Supp. 2d 484 (S.D.N.Y. 2009) ............................................................... 18

*Ansoumana v. Gristede's Operating Corp.,*

    201 F.R.D. 81 (S.D.N.Y. 2001) ........................................................................ 16

*Arroyo v. Aspen Constr. Servs.,* No. 19-5317

    2020 U.S. Dist. LEXIS 136061 (E.D. Pa. July 31, 2020) ......................... 13, 19-20

*Belt v. P.F. Chang's China Bistro, Inc.,* No. 18 Civ. 3821,

    2020 U.S. Dist. LEXIS 119283 (E.D. Pa. Jul. 8, 2020) ................................. 20, 21

*Bowser v. Empyrean Services, LLC,*

    324 F.R.D. 346 (W.D. Pa. 2018) .............................................................. 10, 12, 17

*Bredbenner v. Liberty Travel, Inc.,* No. 09-cv-00905

    2009 U.S. Dist. LEXIS 67122 (D.N.J. July 31, 2009) .......................................... 16

*Camesi v. Univ. of Pitt. Med. Cent.,*

    729 F.3d 239 (3d Cir. 2013) ............................................................................ 10

*Castillo v. P & R Enterprises, Inc.,*

    517 F. Supp. 2d 440 (D.D.C. 2007) .................................................................. 19

*Chase v. AIMCO Props.,*

    374 F. Supp. 2d (D.D.C. 2005) ........................................................................ 11

*Crown, Cork & Seal Co. v. Parker,*

    462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983) .......................................... 8

*Doe v. Banc, Jack & Joe LLC,* No. 17-cv-03843

    2020 U.S. Dist. LEXIS 95129 (D.N.J. June 1, 2020) ................................. 15, 18, 21

*Encinas v. J.J. Drywall Corp.*,
  265 F.R.D. 3 (D.D.C. 2010) ............................................................. 21

*Fares v. H, B, & H, LLC, No. 21-CV-753*,
  2022 U.S. Dist. LEXIS 3930 (E.D. Wis. Jan. 7, 2022) ........................ 15

*Fischer v. Fed. Express Corp.*,
  509 F. Supp. 3d 275 (E.D. Pa. 2020) ................................................. 12

*Fiumano v. Metro Diner Mgmt LLC*,
  2018 WL 1726574 (E.D. Pa. April 10, 2018) ...................................... 14

*Gallagher v. Charter Foods, No. 2:20-cv-00049*,
  2021 U.S. Dist. LEXIS 116930 (W.D. Pa. June 23, 2021) ............... 20-21

*Garcia v. Vertical Screen, Inc.*,
  387 F. Supp. 3d 598 (E.D. Pa. 2019) ............................................. 20, 21

*Gortat v. Capala Bros.*,
  2010 U.S. Dist. LEXIS (E.D.N.Y. Apr. 9, 2010) ............................... 3, 19

*Harris v. Vector Mktg. Corp.*,
  716 F.Supp.2d 835 (N.D. Cal. 2010) ................................................. 21

*Hoffmann v. Sbarro, Inc.*,
  982 F.Supp. 249 (S.D.N.Y. 1997) ..................................................... 11

*Hoffmann-La Roche v. Sperling*,
  493 U.S. 165, 110 S. Ct. 482 (1989) ................................................ 8, 8

*In re AM Int'l, Inc. Sec. Litig.*,
  108 F.R.D. 190 (S.D.N.Y. 1985) ....................................................... 16

*McKinney v. United Stor-All Centers, Inc.*,
  585 F.Supp.2d 6 (D.D.C. 2008) ........................................................ 10

*Miller v. Wells Fargo Bank, N.A.*, No. 16-5597
  2018 U.S. Dist. LEXIS 52794 (E.D. Pa. Mar. 29, 2018) ..................... 13

*Morgan v. Family Dollar Stores, Inc.*,
  551 F.3d 1233 (11th Cir.2008) .......................................................... 10

*Morris v. Lettire Const., Corp.*,
  896 F. Supp. 2d 265 (S.D.N.Y. 2012) ............................................... 21

*Mott v. Driveline Retail Merch., Inc.*,
   23 F. Supp. 3d 483 (E.D. Pa. 2014) ..................................... 21

*Pereira v. Foot Locker, Inc.*,
   261 F.R.D. 60 (E.D. Pa. 2009) ...................................... 11, 12

*Perizes v. Dietitians at Home, Inc., No. 19-cv-00740*,
   2021 U.S. Dist. LEXIS 162555 (N.D. Ill. Aug. 27, 2021) ............... 16-17

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985) ................... 8

*Prickett v. DeKalb Cnty.*,
   349 F.3d 1294 (11th Cir.2003) ......................................... 8

*Sanchez v. Santander Bank, N.A., No. 17-5775*
   2019 U.S. Dist. LEXIS 198094 (D.N.J. Nov. 15, 2019) ............... 19, 21

*Scarpino v. Imagination Indus., No. 8:20CV449*,
   2021 U.S. Dist. LEXIS 67649 (D. Neb. Mar. 19, 2021) ................... 18

*Smith v. Sovereign Bancorp, Inc., No. 03–2420*,
   2003 WL 22701017 (E.D.Pa. Nov. 13, 2003) ......................... 11, 17

*Symczyk v. Genesis HealthCare Corp.*,
   656 F.3d 189 (3d Cir. 2011) ....................... 3, 8, 10, 11, 17

*Titchenell v. Apria Healthcare Inc., No. CIV.A. 11-563*,
   2011 WL 5428559 (E.D. Pa. Nov. 8, 2011) ............................ 14

*Vaszlavik v. Storage Tech. Corp.*,
   175 F.R.D. 672 (D. Colo. 1997) ....................................... 12

*Verma v. 3001 Castor, Inc.*, No. 13-3034
   2014 U.S. Dist. LEXIS 88459 (E.D. Pa. June 30, 2014) ............... 14-15

*Viscomi v. Clubhouse Diner, No. CV 13-4720*,
   2016 WL 1255713 (E.D.Pa. Mar. 31, 2016) ..................... 12-13, 13

*Woods v. Club Cabaret, Inc.*,
   140 F. Supp. 3d 775 (C.D. Ill. 2015) ................................ 15

*Zavala v. Wal-Mart Stores, Inc.*,
   691 F.3d 527 (3d Cir. 2012) ......................................... 10

iii

## INTRODUCTION

This is a collective action lawsuit under the Fair Labor Standards Act ("FLSA") for improperly converted tips, 29 U.S.C. §§ 203(m)(2)(B), 216(b).[1] Plaintiff Brian Rae Harris ("Harris"), brings this action on behalf of herself and other similarly-situated past and current Dancers employed by Defendant Rebelz Club, LLC, d/b/a Rebelz Gentlemen's Club ("Rebelz"), Defendant Heather Varando ("Heather") and Defendant Pablo Varando ("Pablo") (collectively "Defendants"), at Rebelz from February 16, 2019 through the present.[2]  For the reasons described below and pursuant to 29 U.S.C. § 216(b), Plaintiff respectfully requests that the Court:

1.     Conditionally certify a class of all persons who are working or have performed work for Rebelz as a Dancer at any time since February 16, 2019 (collectively "Dancers" or the "FLSA Class");

2.     Order Defendants to produce to Plaintiff's counsel the names, last known addresses, telephone numbers, and email addresses of all potential members

---

[1] On March 23, 2018, Congress passed and the President signed into law the "Consolidated Appropriations Act, 2018," which amended Sections 203(m)(2)(B) and 216(b) of the FLSA by: (1) making it impermissible for an employer or manager to retain employee tips; and (2) providing employees a private right of action against employers for unlawfully retaining tips.

[2] With regard to those who have already filed a signed consent form with the Court, those members of the FLSA Class have an earlier limitations period, tolled as of the dates of their filings.

of the FLSA Class within ten (10) days of the date of Order; further Order

Defendant to post notices in conspicuous locations at Rebelz;

3.    Permit Plaintiff to issue notice to all potential members of the FLSA

Class by first-class mail, text message, and email, informing them of their right to

opt into this case.

4.    Order an opt-in period of sixty (60) days, beginning from the date of

Plaintiff's first issuance of notice.

5.    Allow Plaintiff to send reminder notices by text message and email to

all potential members of the FLSA Class who have not yet responded to notice

within thirty (30) days of the first issuance of notice.

6.    Approve Plaintiff's proposed form of notice, attached hereto as

Exhibit 4, and Plaintiff's proposed Opt-In Consent Form, attached hereto as

Exhibit 5, to be included in the issuance of notice pursuant to paragraphs 2-5.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    Procedural History

On January 20, 2022, Plaintiff Harris filed this FLSA Collective Action

Lawsuit, on behalf of herself and other similarly-situated past and current Dancers

(collectively "Dancers") employed within the past three years, alleging tip

violations under the FLSA and common law, and illegal deductions under the

WPCL. **ECF No. 1 ("Compl.").**  On February 15, 2022, Defendants filed a partial

motion to dismiss the Complaint – seeking dismissal of Count II (under the WPCL), as well as Individual Defendants Heather and Pablo.  **ECF No. 5 ("MTD.").**

Defendants' MTD does not seek to dismiss Count I against Rebelz under the FLSA, and thus this Motion for Conditional Certification may and should be adjudicated in parallel with Defendants' MTD "[b]ecause the statute of limitations continues to run for each individual plaintiff until he or she opts in." *Gortat v. Capala Bros.*, 2010 U.S. Dist. LEXIS, 35451, *30 (E.D.N.Y. Apr. 9, 2010); *see also Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 199 (3d Cir. 2011), *rev'd on other grounds*, 569 U.S. 66 (2013) ("For an opt-in plaintiff, however, the action commences only upon filing of a written consent.  This represents a departure from Rule 23, in which the filing of a complaint tolls the statute of limitations as to all asserted members of the class.") (internal cites and quotes omitted).

In other words, damages for each week in which Defendants' Dancers worked will expire on the three-year back-end until each putative class member has the opportunity to opt in to the action.  Accordingly, in order to preserve the FLSA rights of currently absent class members, Plaintiff has filed the instant Motion and respectfully urges that the Court utilize its discretion to adjudicate both the partial MTD and conditional certification in parallel so that potential opt-in

plaintiffs are not  unfairly prejudiced from any delay caused by having to first wait for Defendants' partial MTD to be adjudicated before FLSA conditional certification may be briefed.

**B.    The Parties**

Defendant Rebelz Club, LLC, d/b/a Rebelz Gentlemen's Club ("Rebelz") is a Pennsylvania limited liability company operating at 601 Spruce Road, Moshannon, Pennsylvania 16859.  **Compl. ¶ 4.**  Rebelz is an exotic dance club and employs Dancers.  **Compl. ¶ 3.**

Defendant Heather Varando ("Heather") is an adult individual who resides in Phillipsburg, Pennsylvania.  Heather owns and operates Rebelz with her husband, co-owner and co-Defendant Pablo Varando ("Pablo").  **Compl. ¶ 5.** Defendant Pablo (collectively with Rebelz and Heather, "Defendants") is an adult individual who resides in Orlando, Florida.  **Compl. ¶ 6.**

From approximately March 2021 through September 2021, Defendants employed Plaintiff Harris as a Dancer.  **Compl. ¶ 3.**  Pursuant to 29 U.S.C. § 216(b), Plaintiff Harris consented in writing to her party status in this action. **Compl. ¶ 3, Ex. A**.

**C.    Plaintiff Challenges a Common Illegal Pay Practice**

In the Complaint, Plaintiff Harris alleges that she and other Dancers:

1. were employed by Rebelz within the last three (3) years as Dancers at

4

the Moshannon, Pennsylvania club, **Compl. ¶¶ 10; 16-29;**

2. were improperly classified by Rebelz as independent contractors, **Compl. ¶ 19;**

3. were compensated on a nightly basis by Rebelz, with a portion of "Dance Fees" (as wages) which are based on the number, type and length of dances each Dancer performed, **Compl. ¶¶ 22-24;**

4. received less than 50% of Dance Fees after Rebelz's mandatory 50% cut; **Compl. ¶ 22;**

5. were paid cash tips by customers during private dances and were required by Defendants to place those cash tips in Defendants' custody until the end of a nightly shift at cash-out time; **Compl. Introductory Statement, ¶¶ 20-23;**

6. had their tips and wages illegally converted due to Rebelz' mandatory deductions for "House Fees," "Expenses" and "Tip-Outs", which were used to subsidize Rebelz' labor costs for other employees. **Compl. ¶ 23.**

The collective allegations plausibly establish a widespread violation of 29 U.S.C. § 203(m)(2)(B) in that Defendants illegally diverted Dancers' tips by converting the tips to Defendants' benefit.

### D.    Declaration Testimony Confirms that All Dancers Were Subjected to a Common Plan in Which Defendants Illegally Diverted Dancers' Tips

The declarations[3] of Plaintiff Harris, Ceara Zimmerman ("Zimmerman"), and Vanessa Baker ("Baker" and collectively with Harris and Zimmerman, "Declarants"), which constitute testimony based on personal knowledge of practices of Defendants at Rebelz, confirm the allegations of the Complaint that Defendants' scheme to illegally divert a portion of their tips in violation of 29 U.S.C. § 203(m) was a policy universally applied to all Dancers. Declarants testified that they:

1. were employed by Rebelz within the last three (3) years as Dancers at the Moshannon, Pennsylvania club, **Harris Decl. ¶ 2; Zimmerman Decl. ¶ 1; Baker Decl. ¶ 1;**

2. were improperly classified by Rebelz as independent contractors, **Harris Decl. ¶ 10; Zimmerman Decl. ¶ 9; Baker Decl. ¶ 9;**

3. were compensated on a nightly basis by Rebelz, with a portion of "Dance Fees" (as wages) which are based on the number, type and length of dances each Dancer performed, **Harris Decl. ¶¶ 5-9; Zimmerman Decl. ¶¶ 4-8; Baker Decl. ¶¶ 4-8;**

---

[3] The declarations offered in support of this Motion are referred to as follows: **Ex. 1**, Declaration of Briana Rae Harris ("Harris Decl."); **Ex. 2**, Declaration of Ceara Zimmerman ("Zimmerman Decl."); **Ex. 3**, Declaration of Vanessa Baker ("Baker Decl.").

4. received less than 50% of Dance Fees after Rebelz's mandatory 50% cut; **Harris Decl. ¶¶ 7-9; Zimmerman Decl. ¶¶ 6-8; Baker Decl. ¶¶ 6-8;**

5. were paid cash tips by customers during private dances and were required by Defendants to place those cash tips in Defendants' custody until the end of a nightly shift at cash-out time; **Harris Decl. ¶¶ 8-9; Zimmerman Decl. ¶¶ 7-8; Baker Decl. ¶¶ 7-8;**

6. had their tips and wages reduced due to Rebelz' mandatory deductions for "House Fees," "Expenses" and "Tip-Outs", which were illegally used to subsidize Rebelz' labor costs for other employees. **Harris Decl. ¶ 9; Zimmerman Decl. ¶ 8; Baker Decl. ¶ 8.**

## <u>ARGUMENT</u>

I. **Standard for Conditional Collective Action Certification**

A. **General Requirements**

The FLSA permits a plaintiff to pursue a collective action on his or her own behalf and on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). While the FLSA does not define the phrase "similarly situated," the Third Circuit has held (for purposes of FLSA *final certification* and trial) the phrase "means that one is subjected to some common employer practice that, if proved, would help demonstrate a violation of the FLSA." *Halle v. W. Penn Allegheny Health Sys.*

*Inc.*, 842 F.3d 215, 226 (3d Cir. 2016) (citing *Zavala v. Wal-Mart Stores, Inc.*, 691 F.3d 527, 538 (3d Cir. 2012)).

"A collective action allows [] plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [illegal] activity." *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 170, 110 S. Ct. 482, 486 (1989).

The Third Circuit has explained the dual purposes of employee resource pooling and judicial economy behind Section 216(b):

> Rule 23 permits plaintiffs "to pool claims which would be uneconomical to litigate individually." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985). Similarly, § 216(b) affords plaintiffs "the advantage of lower individual costs to vindicate rights by the pooling of resources." *Hoffmann–La Roche*, 493 U.S. at 170, 110 S.Ct. 482. Rule 23 promotes "efficiency and economy of litigation." *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 349, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983). Similarly, "Congress' purpose in authorizing § 216(b) class actions was to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer." *Prickett v. DeKalb Cnty.*, 349 F.3d 1294, 1297 (11th Cir.2003).

*Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 199–200 (3d Cir. 2011), *rev'd on other grounds*, 569 U.S. 66 (2013).

For others in the putative class to participate in FLSA litigation, they must affirmatively sign a consent form, which must be filed on the docket by Plaintiff's Counsel.  29 U.S.C. § 216(b) ("No employee be a party plaintiff to any such action

unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). It is only at the point that a consent form is filed that a putative class member's claim is tolled, 29 U.S.C. § 256, which means that <u>time is of the essence</u>.

Putative class members cannot make the important decision to join a collective action unless they are made aware of that right. Therefore, "district courts have discretion, in appropriate cases, to implement [Section 216(b)] by facilitating notice to potential plaintiffs." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989). For putative class members to be informed of their right to join this case, Plaintiff seeks, according to *Hoffmann-La Roche* and precedent within this Circuit, the Court's authorization to send notice to all putative members of this collective action pursuant.

**B.    This Court Applies a Two-Step Certification Process**

This Circuit, like the overwhelming majority of federal courts, has adopted a two-stage process to determine whether collective action certification should be granted. The first stage requires only a "modest factual showing" that potential class members are similarly situated:

> During the initial phase, the court makes a preliminary determination whether the employees enumerated in the complaint can be provisionally categorized as similarly situated to the named plaintiff. If the plaintiff carries her burden at this threshold stage, the court will "conditionally certify" the collective action for the purposes of notice and pretrial discovery.

9

*Symczyk* 656 F.3d at 192-3.  *Accord Camesi v. Univ. of Pitt. Med. Cent.*, 729 F.3d

239, 243 (3d Cir. 2013) (*citing Zavala v. Wal-Mart Stores, Inc.*, 691 F.3d 527, 536

n.4 (3d Cir. 2012).

By contrast, the second stage occurs after discovery, typically "prompted by

a defendant's motion to decertify the class," and provides the court an opportunity

to review its initial determination with the benefit of the additional details

uncovered through discovery. *McKinney v. United Stor-All Centers, Inc.*, 585

F.Supp.2d 6, 8 (D.D.C. 2008); *cf. Bowser v. Empyrean Services, LLC*, 324 F.R.D.

346, 352 (W.D. Pa. 2018) ("Any dissimilarities in job functions which would

exclude a class member will be reevaluated at stage two when discovery is

complete.").  The Third Circuit has explained that final certification is a higher

standard than at the notice stage:

> After discovery, and with the benefit of "a much thicker record than it
> had at the notice stage," a court following this approach then makes a
> conclusive determination as to whether each plaintiff who has opted in
> to the collective action is in fact similarly situated to the named
> plaintiff. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261
> (11th Cir.2008). "This second stage is less lenient, and the plaintiff
> bears a heavier burden." *Id*. Should the plaintiff satisfy her burden at
> this stage, the case may proceed to trial as a collective action.

*Symczyk,* 656 F.3d at 192-3.

In the first stage (or "notice stage"), the Court requires a plaintiff to make a

"'modest factual showing' that the proposed recipients of opt-in notices are

similarly situated." *Id*. at 192.  To do so, a plaintiff must produce evidence,

"'beyond pure speculation,' of a factual nexus between the manner in which the

employer's alleged policy affected her and the manner in which it affected other

employees. *Id.* at 193 (*quoting Smith v. Sovereign Bancorp, Inc*., No. 03–2420,

2003 WL 22701017, at *3, (E.D.Pa. Nov. 13, 2003)).

The standard for conditional class certification at the notice stage is lenient

and requires only a modest showing that there are other individuals similarly

situated to Plaintiff.  "The first step is assessed early in the litigation process when

there is minimal evidence and places a relatively light burden on plaintiffs to show

that potential opt-in plaintiffs are 'similarly situated.'" *Pereira v. Foot Locker,*

*Inc*., 261 F.R.D. 60, 62 (E.D. Pa. 2009).  "When discovery is complete, a more

fact-specific second-stage inquiry occurs into whether the proposed opt-in class is,

indeed, similarly situated." *Id*.  At the notice stage, Plaintiff thus need only make a

"'modest factual showing sufficient to demonstrate that they and potential

plaintiffs together were victims of a common policy or plan that violated the law.'"

*Chase v. AIMCO Props.*, 374 F. Supp. 2d at 200 (D.D.C. 2005) (*quoting Hoffmann*

*v. Sbarro, Inc*., 982 F.Supp. 249, 261 (S.D.N.Y. 1997)).  "The court may make this

determination with minimal evidence, and this step's fairly lenient standard

typically results in a grant of conditional certification." *Bowser v. Empyrean*

*Services, LLC*, 324 F.R.D. 346, 352 (W.D. Pa. 2018) (citing *Moss v. Crawford & Co.*, 201 F.R.D. 398, 409 (W.D. Pa. 2000) (other citations omitted).

"The merits of Plaintiff's claims do not need to be evaluated at this stage in order for notice to be approved and sent out to proposed conditional collective action members; this Court evaluates only whether the Plaintiffs are similarly situated." *Pereira v. Foot Locker, Inc.*, 261 F.R.D. 60, 63–64 (E.D. Pa. 2009). During the notice stage, "the Court should not evaluate the merits of the case, consider the weight of the evidence, or resolve factual disputes[.]" *Fischer v. Fed. Express Corp.*, 509 F. Supp. 3d 275, 284 (E.D. Pa. 2020).. *See also Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 680 (D. Colo. 1997) ("whether plaintiffs can meet their burden in the liability phase … is irrelevant to the question of §216(b) certification.").

C.    **Defendants' Uniform Practice of Converting Dancers' Tips to Defendants' Benefit Establishes a Common Policy Applicable to All Dancers; Merits Issues Should <u>Not</u> Be Considered Now**

In this Circuit, courts have consistently held that 2-3 declarations are sufficient to satisfy the "modest factual showing standard" at conditional certification. *See, e.g.*, *Viscomi v. Clubhouse Diner*, No. CV 13-4720, 2016 WL 1255713, at *5 (E.D.Pa. Mar. 31, 2016) ("Courts routinely certify conditional collective actions based on the plaintiff's affidavit declaring they have personal knowledge that other coworkers were subjected to similar employer

12

practices…Plaintiffs submitted three such affidavits in support of their Motion, and the Court concludes that this evidence is sufficient to establish the required 'modest factual showing' that the alleged policies were uniformly applied to potential opt-in plaintiffs.") (internal citations and quotations omitted); *Miller v. Wells Fargo Bank, N.A.*, No. 16-5597, 2018 U.S. Dist. LEXIS 52794, at *11-12 (E.D. Pa. Mar. 29, 2018) (2 declarations sufficient); *Arroyo v. Aspen Constr. Servs.*, No. 19-5317, 2020 U.S. Dist. LEXIS 136061, at *9-10 (E.D. Pa. July 31, 2020) (plaintiff's 1 declaration and cash receipts attached to the complaint sufficient).

It is well-established that at the notice stage, a plaintiff's allegations and threshold evidence that they and the putative class members were uniformly subject to a policy that violates the FLSA tends to establish that the putative class members are "similarly situated" within the meaning of 29 U.S.C. § 216(b).  Thus, whether *in fact* a plaintiff was compensated in accordance with the FLSA is a merits question to be decided at the second stage (after full-blown discovery), not at the notice stage.  *Viscomi*, 2016 WL 1255713, at *5 ("To the extent that defendants 'invite the Court to evaluate the credibility of [the affiants] or the merits of their claims, it is more properly considered at the second stage of the certification inquiry or on a motion for summary judgment.'") (*quoting Titchenell v. Apria Healthcare Inc.*, No. CIV.A. 11-563, 2011 WL 5428559, at *6 (E.D. Pa.

Nov. 8, 2011)*, see also Bowser*, 324 F.R.D. at 353 ("The question of whether or not plaintiff has stated a cause of action, or will prevail, is a merits-based argument that the Court will not entertain at the conditional certification stage."); *Fiumano v. Metro Diner Mgmt LLC*, 2018 WL 1726574, at *3 (E.D. Pa. April 10, 2018) ("The court does not evaluate the merits of a plaintiff's case when ruling on a motion for conditional certification.").

Furthermore, district courts around the country have routinely granted conditional certification where, as alleged here, the plaintiff and putative class members are subject to the employer's common illegal policy of misclassifying dancers as independent contractors. *See, e.g.*, *Verma v. 3001 Castor, Inc.*, No. 13-3034, 2014 U.S. Dist. LEXIS 88459, at *38 (E.D. Pa. June 30, 2014) (In exotic dancer case, "Verma has met her fairly lenient burden at the conditional certification stage by making a modest factual showing that Defendant maintains a company-wide policy of treating members of the putative class as independent contractors … This evidence presents a modest factual showing that Verma and the other potential plaintiffs: (a) work or worked at the same location; (b) share the same "dancer" job duties and responsibilities; and (c) have been classified as independent contractors."); *Doe v. Banc, Jack & Joe LLC*, No. 17-cv-03843 (KSH) (CLW), 2020 U.S. Dist. LEXIS 95129, at *12-13 (D.N.J. June 1, 2020) ("The Court is satisfied that, based on the new evidence she has presented to the Court,

together with her prior declaration, Doe has made a factual showing that

defendants maintain a company-wide policy of treating members of the putative

class as independent contractors, and thereby has met her fairly lenient burden.

Dancers at Titillations are similarly situated and subjected to a common policy

that, if proven, violates the FLSA."); *Woods v. Club Cabaret, Inc.*, 140 F. Supp. 3d

775, 781 (C.D. Ill. 2015) (**listing 27 exotic dancer FLSA cases**: "Many courts

around the country have considered whether to conditionally certify a class for a

collective action where exotic dancers such as the proposed Plaintiffs here have

made similar FLSA claims against the owners of establishment where they

worked. . . .  Of these [27] cases, only two declined to conditionally certify a

class.") (alteration added); *Fares v. H, B, & H, LLC*, No. 21-CV-753, 2022 U.S.

Dist. LEXIS 3930, at *9 (E.D. Wis. Jan. 7, 2022) (granting conditional certification

where 2 dancer declarations "allege that defendants engaged in the common

practice of treating all of the dancers at OTB as independent contractors to deprive

them of hourly wages").

Differences in damages amongst putative class members are also not to be

considered at the notice stage.  "It is well-established that <u>individual questions with

respect to damages</u> will not defeat class certification or render a proposed

representative inadequate unless that issue creates a conflict which goes to the

heart of the lawsuit." *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 86

(S.D.N.Y. 2001) (*quoting In re AM Int'l, Inc. Sec. Litig.*, 108 F.R.D. 190, 196

(S.D.N.Y. 1985)(emphasis added); *see also Bredbenner v. Liberty Travel, Inc.*, No.

09-cv-00905 (WJM)(MF), 2009 U.S. Dist. LEXIS 67122 (D.N.J. July 31, 2009)

("As such, the only individual issues associated with this motion, at present, relate

to the question of damages. Such issues do not bar conditional certification.")

(citing *Villanueva-Bazaldua v. TruGreen Ltd. Partners*, 479 F. Supp. 2d 411, 417

(D. Del. 2007).

Finally, whether an action under the FLSA can ultimately be maintained

against individual corporate officers or owners is similarly an issue not to be

addressed at the conditional certification stage.  *See Perizes v. Dietitians at Home,*

*Inc.*, No. 19-cv-00740, 2021 U.S. Dist. LEXIS 162555, at *19 n.6 (N.D. Ill. Aug.

27, 2021) ("Defendants also briefly argue . . . that Plaintiff did not provide any

evidence 'beyond her own unfounded allegations that Kornaros or Hall—sued in

their individual capacities—had any knowledge that the Plaintiff or any other

registered dietitian worked overtime or that Kornaros or Hall were involved in [the

defendant company's] allegedly improper pay policies to an extent whether

liability under the FLSA would attach to them. . . .'  [T]hese analyses are reserved

for step two and need not be addressed here.") (quoting the defendant's brief)

(citing *Lieberman v. Altounion Constr., Inc.*, 2019 U.S. Dist. LEXIS 207440, 2019

WL 6467321, at *1 (N.D. Ill. Dec. 2, 2019)); *cf. Bowser*, 324 F.R.D. at 353

(quoting *Manning v. Goldbelt Falcon, LLC*, 2010 U.S. Dist. LEXIS 104029, at *8-9 (D.N.J. Sept. 29, 2010) ("Even, 'where a motion for conditional certification involves a potential class of employees that worked for separate, but related, employers, courts have reserved consideration of whether the separate employers are joint employers for a final, stage two determination.'".)  Thus, Defendant's partial MTD is no bar to granting conditional certification here.

## II.    The Court Should Provisionally Certify This Case as a Collective Action and Issue Notice to all FLSA Class Members Who Worked Within the Past Three Years

It is abundantly clear that, at this initial notice stage, Plaintiff has made the required "'modest factual showing' that the proposed recipients of opt-in notices are similarly situated," in that they have produced evidence, "'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Symczyk,* 656 F.3d at 192-3 (*quoting Smith v. Sovereign Bancorp, Inc*., No. 03–2420, 2003 WL 22701017, at *3, (E.D.Pa. Nov. 13, 2003)).

Rebelz Dancers worked and/or continue to work under a common policy whereby their employer deducts from their tips "House Fees," "Expenses," and "Tip-outs," in clear violation of 29 U.S.C. § 203(m)(2)(B). **Harris Decl. ¶¶ 8-9; Zimmerman Decl. ¶¶ 7-8; Baker Decl. ¶¶ 7-8.**  Declarants, three Dancers who collectively worked at Rebelz in Moshannon, Pennsylvania, during the prior three

years, testified to these common illegal practices.  **Harris Decl. ¶ 2; Zimmerman Decl. ¶ 1; Baker Decl. ¶ 1.**

Although the merits of whether, <u>in fact</u> Defendants violated tip rules are not to be considered at this stage, it is clear that Plaintiff has plausibly plead that she and the putative class members' tips were illegally converted to Defendants' use. *See, e.g.*, *Acosta v. Osaka Japan Rest., Inc*., No. 17-1018, 2018 U.S. Dist. LEXIS 115960, at *20 (E.D. Pa. July 12, 2018); *Scarpino v. Imagination Indus*., No. 8:20CV449, 2021 U.S. Dist. LEXIS 67649, at *12 (D. Neb. Mar. 19, 2021); *Alonso v. Uncle Jack's Steakhouse, Inc*., 648 F. Supp. 2d 484, 486 (S.D.N.Y. 2009).

Furthermore, although the merits question of whether Dancers were employees or independent contractors is not to be decided at this stage, it is clear that Plaintiff has plausibly plead such employment relationship against Defendants. **Compl. ¶¶ 18-29; Harris Decl.; Zimmerman Decl.; Baker Decl.;** *Verma, Doe, supra***.**

## III.    Notice Should Issue Promptly

In order to protect potential class members from serious prejudice as to their claims, the Court should decide this motion quickly.  Since the statute of limitations for FLSA claims of potential opt-in Plaintiffs is not tolled by the filing of Plaintiff's Complaint, any delay in notifying potential class members seriously

prejudices their claims. Indeed, the very reason for conditional certification of a putative class before extensive discovery takes place is "[b]ecause the statute of limitations continues to run for each individual plaintiff until he or she opts in." *Gortat v. Capala Bros.*, 2010 U.S. Dist. LEXIS, 35451, *30 (E.D.N.Y. Apr. 9, 2010); *Castillo v. P & R Enterprises, Inc.*, 517 F. Supp. 2d 440, 444 (D.D.C. 2007) (same). In other words, damages for each week in which Defendants' Dancers worked will expire on the three-year back-end until each putative class member has the opportunity to opt in to the action. Accordingly, the Court should issue notice promptly.

**IV.    Notice Should Issue Over First Class Mail, Text Message and Email and Posting at the Each of Defendants' Facilities; the Notice Period Should Be 60 Days, With a 30 Day Reminder Notice**

In addition to traditional mail, courts authorize opt-in notices to be sent through email. *Sanchez v. Santander Bank, N.A.*, No. 17-5775 (PGS)(DEA), 2019 U.S. Dist. LEXIS 198094, at *8 (D.N.J. Nov. 15, 2019) (collecting cases); *see also Arroyo v. Aspen Constr. Servs.*, No. 19-5317, 2020 U.S. Dist. LEXIS 136061, at *19 (E.D. Pa. July 31, 2020) ("While Defendants contend that Plaintiff should be limited to contacting putative plaintiffs by first class mail, 'electronic communication, such as email, is now commonplace and does not unduly burden defendants.'") (quoting *Doe v. Banc, Jack & Joe, LLC*, No. 17-cv-03843 (KSH) (CLW), 2020 U.S. Dist. LEXIS 95129, at *20 (D.N.J. June 1, 2020). .

Courts further authorize posting at the workplace. *See Garcia v. Vertical Screen, Inc.*, 387 F. Supp. 3d 598, 608 (E.D. Pa. 2019) ("Courts in this Circuit regularly permit follow-up notices and posting of the notice at work sites of the defendant.") (quoting *Archer v. Defenders, Inc.*, No. 18-470, 2018 U.S. Dist. LEXIS 194704 (D. Del. Nov. 14, 2018)); *see also Arroyo*, 2020 U.S. Dist. LEXIS 136061, at *20-21.

Courts also regularly approve notices over text message. *Belt v. P.F. Chang's China Bistro, Inc.*, No. 18 Civ. 3821, 2020 U.S. Dist. LEXIS 119283, at *25 (E.D. Pa. Jul. 8, 2020) ("[I]it is appropriate in the modern digital age to distribute notice by mail, email, and text, because although people frequently move and change addresses, they typically retain the same email addresses and phone numbers") (collecting cases); *see also Gallagher v. Charter Foods*, No. 2:20-cv-00049, 2021 U.S. Dist. LEXIS 116930, at *17-18 (W.D. Pa. June 23, 2021) (permitting notice to be sent via first class mail, email, text message, and posting a case-specific website where putative collective members could submit a consent form electronically).

Courts regularly authorize notice periods of sixty (60) days or more for putative class members to join FLSA collective actions. *See Encinas v. J.J. Drywall Corp.*, 265 F.R.D. 3, 7 (D.D.C. 2010) ("Ninety days is a reasonable period for putative class members to respond to the notice."); *Mott v. Driveline Retail*

*Merch., Inc.*, 23 F. Supp. 3d 483, 490 (E.D. Pa. 2014) (120 days); *Gallagher*, 2021 U.S. Dist. LEXIS 116930, at *20 (60 days); *Sanchez*, 2019 U.S. Dist. LEXIS 198094, at *10 (60 days).  Plaintiff here is only requesting 60 days with an electronic reminder notice at 30 days.

Courts also routinely approve reminder notices.  *Morris v. Lettire Const., Corp.*, 896 F. Supp. 2d 265, 275 (S.D.N.Y. 2012) ("Given that notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in, we find that a reminder notice is appropriate.") (*citing Harris v. Vector Mktg. Corp.*, 716 F.Supp.2d 835, 847 (N.D. Cal. 2010));*Doe v. Banc, Jack & Joe, LLC*, 2020 U.S. Dist. LEXIS 95129, at *20-21 (D.N.J. June 1, 2020); *Garcia*, 387 F. Supp. 3d at 608; *Belt*, 2020 U.S. Dist. LEXIS 119283, at *26 ("Courts in the Third Circuit regularly permit reminder letters.").

Accordingly, Plaintiff respectfully requests that the Court authorize notice through first-class mail, text message, and email, a sixty (60) day notice period, with a thirty (30) day reminder notice to those who have not responded.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant

her Motion for Conditional Certification.

Dated:  February 16, 2022                    Respectfully Submitted,

                                             GOODLEY MCCARTHY LLC

                              by:    /s/ James E. Goodley
                                     James E. Goodley (PA 315331)
                                     Ryan P. McCarthy (PA 323125)
                                     One Liberty Place
                                     1650 Market Street, Suite 3600
                                     Philadelphia, PA 19103
                                     Telephone: (215) 394-0541
                                     ryan@gmlaborlaw.com
                                     james@gmlaborlaw.com

                                     *Attorney for Plaintiff and the Classes*